

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INDICTMENT FOR MISAPPROPRIATION
OF INSURANCE FUNDS AND WIRE FRAUD
AND FORFEITURE ALLEGATIONS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-12-JJB-SCR |
| | : | |
| | : | 18 U.S.C. § 1033(b) |
| versus | : | 18 U.S.C. § 1343 |
| | : | 21 U.S.C. § 853(p) |
| | : | 18 U.S.C. § 982(b) |
| WILSON BATTLEY, III | : | 18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. The defendant, **WILSON BATTLEY, III**, was a resident of Baton Rouge, Louisiana.

2. Timothy Schlatre (T.S.) was a resident of Baton Rouge, Louisiana, and was employed as a licensed life insurance agent. T.S. was engaged in the business of insurance and his activities affected interstate commerce. T.S. was an authorized agent of various insurance companies, such as Lincoln Financial (Lincoln) and New York Life (NYL), whose activities also affected interstate commerce.

3. T.S. would solicit individuals to apply for life insurance policies with the insurance companies he represented. As part of the process, T.S. would work with prospective customers to help them complete written applications for insurance, which applications required, among other things, truthful information regarding the applicants'

1

L. Thornton

annual income, so that the insurance companies could determine whether each applicant qualified for coverage and, if so, the specific dollar amount of insurance coverage.

4. As the applications were completed, T.S. would submit the applications to Lincoln and NYL, which would then determine whether to approve the applications and issue the policies based in part on the information provided in each application.

5. Each time an insurer approved an application submitted by one of T.S.'s clients and issued an insurance policy to the applicant, T.S. would earn a commission. The amount of the commission depended upon the face value of the insurance policy, among other factors.

## COUNTS 1 AND 2
(Misappropriation of Insurance Funds)

6. Paragraphs 1 through 5 of this Indictment are incorporated herein by reference as factual allegations.

7. Beginning in or about February of 2010 and continuing at least through 2011, **BATTLEY** submitted applications for insurance to Lincoln and NYL, through T.S., in which **BATTLEY** falsely inflated his annual income. Using false and fraudulent representations, **BATTLEY** applied for, and ultimately obtained, insurance policies having a combined policy value of $8,500,000. These policies generated commissions to T.S., which he shared with **BATTLEY**, in exchange for **BATTLEY'S** knowing participation in the scheme. **BATTLEY** also received additional cash payments from T.S. in exchange for referring others who would participate in similar schemes.

8. On or about the dates below, in the Middle District of Louisiana and elsewhere, the defendant, **BATTLEY,** did aid and abet T.S. in willfully misappropriating the

2

funds of Lincoln and NYL, in that **BATTLEY** knowingly caused applications for life insurance to be transmitted to such insurers containing false representations, which fraudulently caused the insurers to generate commission fees for T.S., which he shared with **BATTLEY**:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | 2/24/2010 | **BATTLEY** aided and abetted T.S. in misappropriating Lincoln funds by submitting an application for life insurance in the amount of $3,500,000 in which **BATTLEY** falsely represented that his annual income was $465,000, which led Lincoln to pay fraudulently-induced commission fees to T.S. and **BATTLEY**. |
| 2 | 3/1/2010 | **BATTLEY** aided and abetted T.S. in misappropriating NYL funds by submitting an application for life insurance in the amount of $4,750,000 in which **BATTLEY** falsely represented that his annual income was $315,000, which led NYL to pay fraudulently-induced commission fees to T.S. and **BATTLEY**. |

Each of the above is a violation of Title 18, United States Code, Sections 1033(b) and 2.

## COUNTS 3 AND 4
### (Wire Fraud)

9. Paragraphs 1 through 8 of this Indictment are incorporated herein as factual allegations.

10. Beginning in or about February of 2010, and continuing until in or around 2011, in the Middle District of Louisiana and elsewhere, **WILSON BATTLEY, III**, defendant herein, and T.S. devised and intended to devise a scheme to defraud life insurance companies, including Lincoln Financial (Lincoln) and New York Life (NYL), and to obtain money and property by means of materially false and fraudulent pretenses, promises, and representations.

3

11. As Lincoln and NYL received life insurance policy applications from **BATTLEY**, T.S., and others, Lincoln and NYL, as part of the review and approval process, would conduct phone interviews with individual applicants in order to confirm the accuracy and truthfulness of the information provided in the application.

12. After **BATTLEY** and T.S. submitted the false and fraudulent applications described above, Lincoln and NYL each contacted **BATTLEY** to confirm the information he had provided in his applications. In response to questions asked by Lincoln and NYL representatives, **BATTLEY** provided the phone interviewers with the same false representations about his annual income contained on the written applications he had previously submitted.

13. **BATTLEY'S** false representations to Lincoln and NYL caused the companies to approve his applications and issue policies, which allowed **BATTLEY** and T.S. to obtain funds by means of material false and fraudulent pretenses, representations, and promises, and thereby unlawfully enrich themselves.

14. On or about the following dates, in the Middle District of Louisiana and elsewhere, the defendant, **BATTLEY,** having devised a scheme to defraud, and to obtain money from, Lincoln and NYL by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted, and did aid and abet another to cause to be transmitted, by means of wire communication in interstate commerce, the signals and sounds described below, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 3 | 3/31/2010 | **BATTLEY** participated in a telephonic interview with Lincoln, from within the Middle District of Louisiana, to a Lincoln representative located outside the State of Louisiana, in which **BATTLEY** provided false information to Lincoln regarding his income. |
| 4 | 3/10/2010 | **BATTLEY** participated in a telephonic interview with NYL, from within the Middle District of Louisiana, to a NYL representative located outside the State of Louisiana, in which **BATTLEY** provided false information to NYL regarding his income. |

Each of the above is a violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

15. Paragraphs 1-5 and 9-14 of this Indictment are incorporated herein by reference as factual allegations.

16. Upon conviction of one or both of the wire fraud offenses charged in Counts 3 and 4 of this Indictment, **WILSON BATTLEY, III,** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real and personal, that constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the violation, including but not limited to a sum of money equal to the amount of the proceeds of the offense.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

| | |
|---|---|
| UNITED STATES OF AMERICA, by | **A TRUE BILL** |
| _____ <br> J. WALTER GREEN <br> UNITED STATES ATTORNEY | _____ <br> GRAND JURY FOREPERSON |
| _____ <br> LYMAN E. THORNTON III <br> ASSISTANT U.S. ATTORNEY | 1-28-15 <br> DATE |

6

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City   Baton Rouge

County/Parish   East Baton Rouge

**Matter to be sealed:** ☐ No  ✖ Yes

**Related Case Information:**

Superseding Indictment _____   Docket Number _____
Same Defendant _____   New Defendant   X
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
Any Other Related Cases:   2011R00043, 2013R00020

**Defendant Information:**

Defendant Name   Wilson Battley, III
Alias
Address
Birthdate   SS #   Sex   Race   Nationality

**U.S. Attorney Information:**

AUSA  Lyman E. Thornton, III   Bar #   20393

**Interpreter:** ✖ No  ☐ Yes   List language and/or dialect: _____

**Location Status:**

Arrest Date _____
___ Already in Federal Custody as of
___ Already in State Custody
___ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:   4

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. § 1033(b) | Misappropriation of Insurance Funds | 1 & 2 | Felony |
| 18 U.S.C. § 1343 & 2 | Wire Fraud | 3 & 4 | Felony |

(May be continued on second sheet)

Date: 1/28/2015   Signature of AUSA: _Lyman E. Thornton_

District Court Case Number (To be filled in by deputy clerk): _____